# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERRY DOBY,

    Defendant.

Case No. 5:18-CR-40057-HLT

## MEMORANDUM AND ORDER

Defendant Jerry Doby is charged with failure to register, in violation of 18 U.S.C. § 2250(a). After a detention hearing, the magistrate judge released him on conditions including electronic monitoring and curfew as required by the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"). In the instant motion, Mr. Doby challenges the constitutionality of these mandatory conditions, arguing that they violate the Fifth Amendment Due Process Clause and the Eighth Amendment Excessive Bail Clause. Doc. 24. Because this motion is not properly before it, the Court denies the motion and does not address Mr. Doby's constitutional challenges.

## I. BACKGROUND

In June 2018, the government filed an indictment charging Mr. Doby with failure to register as required by 18 U.S.C. § 2250(a). For persons charged under that section, the Adam Walsh Act mandates that pretrial release conditions include electronic monitoring and curfew. *See* 18 U.S.C. § 3142(c)(1)(B). At the July 3, 2018 detention hearing, Magistrate Judge Gary Sebelius imposed those two conditions, among others. Mr. Doby made no objection to these two conditions. Over four months later, on November 7, 2018, Mr. Doby filed the instant motion, arguing that these

mandatory conditions violate the Fifth Amendment Due Process Clause and the Eighth Amendment Excessive Bail Clause.

## II. ANALYSIS

Th Court analyzes whether Mr. Doby's motion is properly before it. The Bail Reform Act of 1984 generally provides two avenues through which a party may seek modification of a pretrial release order before review on appeal by a court of appeals: (1) review of a release order under 18 U.S.C. § 3145(a), and (2) a motion to amend under 18 U.S.C. § 3142(f). *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003). The Court analyzes each avenue to determine whether Mr. Doby's motion is procedurally proper.

### A. The First Avenue: Review of a Release Order under 18 U.S.C. § 3145(a)

The first avenue is review of a release order under § 3145(a), which governs district court review of detention or release orders entered by magistrate judges. Section 3145(a) states:

> (a) Review of a release order. If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
> . . . .
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

18 U.S.C. § 3145(a).

Although this section does not specify a time limit, Federal Rule of Criminal Procedure 59(a), which governs district court review of a magistrate judge's order, contains both a time limit and a waiver provision. Rule 59(a) states in relevant part:

> A party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other

time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review.

FED. R. CRIM. P. 59(a).

Section 3145(a) is subject to the time limitations set forth in Rule 59(a). *See United States v. Tooze*, 236 F.R.D. 442 (D. Ariz. 2006); *accord United States v. Bell*, 2008 WL 11411709 (C.D. Cal. 2008); *United States v. Curtis*, 2007 WL 3124610 (S.D. Miss. 2007).[1] Because Mr. Doby filed his motion outside of the fourteen-day limit, he waived his right to seek review of the July 3, 2018 release conditions under § 3145(a).[2]

Despite Rule 59's waiver provision, a district court retains discretionary authority to review release decisions of magistrate judges. Rule 59 Advisory Committee Notes (2005 adoption); *Tooze*, 236 F.R.D. at 445; *Bell*, 2008 WL 11411709, at *2 (citing *Thomas v. Arn*, 474 U.S. 140, 154 (1985) (holding that district court retains full authority over cases referred to magistrate judges)). The Court declines to exercise its discretion here. Mr. Doby did not object to the challenged conditions at the pretrial release hearing—and he also did not object at the September 2018 hearing on the government's motion to amend conditions—even though the law upon which his instant motion is based was known and available at that time.[3] Mr. Doby filed this motion four

---

[1] These cases applied the "supersession clause" of the Rules Enabling Act, 28 U.S.C. § 2072(b), to conclude that Rule 59 controls over § 3145(a). The supersession clause states that "[a]ll laws in conflict with such [procedural] rules shall be of no further force or effect after such rules have been enacted." 28 U.S.C. § 2072(b). Thus, because Rule 59 was enacted after § 3145(a) was last amended, the Rule controls over § 3145(a). *Tooze*, 236 F.R.D. at 445-46. The Court finds the reasoning of *Tooze* and *Bell* persuasive because their statutory interpretation is consistent with that of the Supreme Court in *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988).

[2] The Court questions whether the failure to object or present the arguments at the July 3, 2018, hearing could lead to a conclusion of waiver independent of the untimeliness.

[3] Mr. Doby did, though, object to two other conditions at the initial hearing, and the magistrate judge granted the requested modifications of those conditions.

months later and does not identify any reason for not raising these arguments at the initial hearing or for this delay. The Court concludes that § 3145 is not an available avenue for seeking relief in this case.

**B. The Second Avenue: A Motion to Amend Conditions under 18 U.S.C. § 3142(f)**

This second avenue is in the nature of a motion for reconsideration and is brought under § 3142(f), which governs detention hearings. Section 3142(f) states in relevant part:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing <u>and</u> that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f) (emphasis added).

The Court finds that § 3142(f) is not an available avenue for seeking relief in this case for two reasons. First, by its terms, § 3142(f) applies to proceedings before the judicial officer who entered the initial release order. *Cisneros*, 328 F.3d at 614. A magistrate judge entered the initial release order in this case and, therefore, a magistrate judge—not a district court judge—is the appropriate officer under § 3142(f). *See id.* Second, the gravamen of Mr. Doby's motion is a constitutional challenge based on law that existed before the July 3, 2018 hearing. Thus, his motion does not raise "information not known to the movant at the time of hearing." *See United States v. Schneider*, 2008 WL 11396795, at \*4 (D. Kan. 2008) (applying *Cisneros* and stating that new counsel's desire to raise previously available but unraised legal challenges is not a valid basis for reopening a detention hearing).[4]

---

[4] Here, the same counsel represented Mr. Doby at both the July and September 2018 hearings and raised no constitutional objections.

In an attempt to satisfy the "new information" standard, Mr. Doby identified two pieces of information to justify reconsideration of the conditions: (1) the monitoring fees, because the amount was not set until after the hearing and resulted in financial hardship, and (2) his record of six months of compliance with the conditions. But Mr. Doby fails to identify any factual nexus between these pieces of information and the constitutional challenges raised in the instant motion. Even if the Court considers this information, the Court finds that the monitoring fees do not constitute new information because they have been constant throughout and there is no evidence of an appreciable change in Mr. Doby's financial circumstances. Further, the Court questions whether the cost of monitoring satisfies the second statutory requirement, that the information be material to the risk of flight or community safety. 18 U.S.C. § 3142(f).

As to the second piece of information, the Court recognizes and commends Mr. Doby's compliance with the electronic-monitoring and curfew conditions and other conditions of release. But Mr. Doby's approximately six months of compliance with conditions does not necessarily assure future compliance in the absence of these conditions. *See*, *e.g.*, *United States v. Williams*, 2015 WL 9595403 (D. Nev. 2015) (observing that defendant's "appearances at prior proceedings <u>while</u> wearing the ankle monitor, do not convince the Court that he is suddenly not a flight risk <u>without</u> the ankle monitor"). Indeed, in this case, the government indicted Mr. Doby after learning that since he last registered, he had moved to a different county in Kansas, had spent weeks in Colorado, and had been living in California. The Court is not suggesting that compliance with conditions will never satisfy § 3142(f) but, on the facts of this case, the current length of compliance is not sufficient. Because Mr. Doby's motion is not addressed to the magistrate judge and does not raise information that was not known at the time of the hearing that is material to the

question of what conditions will reasonably assure his appearance and community safety, the Court finds that he cannot avail himself of § 3142(f) as an avenue for relief.[5]

**III. CONCLUSION**

Because Mr. Doby did not file his motion with this Court within fourteen days after the order was entered on July 3, 2018, and the motion does not raise new, material information or legal arguments not available at the time of the hearing, the Court finds that none of the above statutes provide a proper procedural vehicle for the motion. The motion is not properly before the Court, so the Court does not reach Mr. Doby's constitutional challenges.

THE COURT THEREFORE ORDERS that Mr. Doby's Motion to Modify Conditions of Pretrial Release (Doc. 24) is DENIED.

IT IS SO ORDERED.

DATED: January 28, 2019 　　　　　　　/s/ *Holly L. Teeter*
　　　　　　　　　　　　　　　　　　　HOLLY L. TEETER
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[5] Mr. Doby additionally argues that § 3142(c)(3) provides a procedural vehicle for bringing this motion. This section states, "[t]he judicial officer may at any time amend the order to impose additional or different terms of release." 18 U.S.C. § 3142(c)(3). But it, like § 3142(f), refers to proceedings before the judicial officer who entered the initial release order. *See Cisneros*, 328 F.3d at 614. And this section specifies when the <u>judicial officer</u> may act, <u>not</u> when a party may move. For these reasons and others stated above regarding discretion, the Court finds that this section is not an appropriate vehicle for Mr. Doby's motion. Regardless, several courts have suggested that § 3142(c) should be read in conjunction with the subject-matter limitations in § 3142(f). *E.g.*, *United States v. Phua*, 2015 WL 127715 (D. Nev. 2015); *United States v. Smith*, 2012 WL 3776868 (D. Ariz. 2012); *United States v. Merola*, 2008 WL 4449624 (D.N.J. 2008). Although the Court is not adopting this position at this time, this approach makes sense. As the court in *Smith* observed, the purpose of § 3142(f) is to prevent defendants from bringing repeated motions without new grounds. 2012 WL 3776868, at *4. To read § 3142(c)(3) without limitations would result in a "rule that would not discourage a party for failing to acquire <u>readily available evidence</u> for presentation the first time." *Id.* (citation and quotation omitted). Such a rule would "encourage[] piecemeal presentations" and "[j]udicial efficiency is not served by such a practice." *Id.*