# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERRY DOBY,

    Defendant.

Case No. 18-CR-40057-HLT

## MEMORANDUM AND ORDER

    The government indicted Defendant Jerry Doby on one count of failure to register under the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250(a). This statute penalizes sex offenders who are required to register, who travel in interstate commerce, and who knowingly fail to register or update a registration under SORNA. Doby now moves to dismiss the indictment based on five statutory and constitutional arguments. Doc. 50.

    Doby argues that the government cannot prove that he "knowingly" failed to register under SORNA without showing that he knew the length of his duty to register, and he contends that SORNA violates his First Amendment rights because it compels his speech. But the Court concludes the indictment adequately alleges the crime charged, and, to the extent SORNA compels speech, it passes strict scrutiny. Doby's three remaining arguments have already been rejected by either the Tenth Circuit or the Supreme Court, and this Court is bound to follow that precedent.[1] Accordingly, Doby's motion to dismiss is denied.

---

[1] These arguments are that SORNA violates the Ex Post Facto Clause, the nondelegation doctrine, and the Commerce Clause. Doby's motion acknowledges that these arguments have been decided against him but notes that he raises them to preserve them for future review. Doc. 50 at 36-39.

**I.     STANDARD**

If a defendant believes there is a defect in an indictment, he may move to dismiss it under Federal Rule of Criminal Procedure 12(b). Under Rule 12, pretrial motions are generally limited to asserting "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).

A defendant may move to dismiss an indictment under Rule 12 if there is a defect in the indictment such as a lack of specificity or a failure to state an offense. Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment satisfies this standard "if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir.1997)). The indictment essentially need only quote the language of the applicable statute, assuming those words set forth all the elements of the crime charged, and include the date, place, and nature of the alleged illegal activity. *United States v. Doe*, 572 F.3d 1162, 1173-74 (10th Cir. 2009).

Assuming those standards are met, the indictment "need not go further and allege in detail the factual proof that will be relied upon to support the charges." *Id.* (quoting *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008)). An indictment "should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *Todd*, 446 F.3d at 1067 (quoting *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)). A challenge to an indictment is not a challenge to the sufficiency of the government's evidence, and courts should avoid considering evidence outside the indictment. *Id.*

## II. ANALYSIS

Before addressing the arguments raised by Doby, some background on SORNA is helpful. Congress enacted SORNA to address "loopholes and deficiencies" in state statutes that permitted thousands of sex offenders to escape registration requirements. *Gundy v. United States*, 139 S. Ct. 2116, 2121 (2019). SORNA's purpose is "to protect the public from sex offenders and offenders against children." 34 U.S.C. § 20901. For that purpose, and in response to certain specific "vicious attacks by violent predators against" a list of named victims, Congress passed SORNA to "establish[] a comprehensive national system for the registration of those offenders." *Id.* To achieve its goal of comprehensive registration, SORNA "covers more sex offenders, and imposes more onerous registration requirements, than most States had before." *Gundy*, 139 S. Ct. at 2121.

SORNA defines a "sex offender" as "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1). Under 34 U.S.C. § 20913(a), a "sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." SORNA also sets out the information that must be included in a registration. 34 U.S.C. § 20914(a). Although SORNA was passed in 2006, the Attorney General, under authority delegated from Congress, has issued guidance stating that SORNA applies "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3. SORNA established different tiers of sex offenders, 34 U.S.C. § 20911(2)-(4), and set applicable registration-duration requirements based on those tiers, 34 U.S.C. § 20915(a).

Congress also enacted criminal penalties for failing to register under SORNA. For purposes of this case, anyone who "is required to register under" SORNA, who travels in interstate or foreign

commerce, and who "knowingly fails to register or update a registration as required" by SORNA faces fines and up to 10 years in prison. 18 U.S.C. § 2250(a).

In this case, the indictment alleges that Doby was previously convicted in 1989 of rape, forced oral copulation, and forced sexual penetration in California state court. Doc. 1 at 1; *see also* Doc. 50 at 1. The indictment further alleges that he is a person who is required to register under SORNA, who traveled in interstate commerce, and who knowingly failed to register or update a registration in violation of 18 U.S.C. § 2250(a).[2]

### A. Doby's knowledge argument is based on an alleged factual deficiency and not on a flaw in the indictment.

Doby's first argument is the government is required to prove that he had "knowledge of his federal duty to register under SORNA," including that he "knew the length of the registration requirement." Doc. 50 at 8. But the Court need not substantively reach this question in the context of this motion to dismiss. Although he initially states that the government is "legally incapable" of proving that Doby knowingly failed to register under SORNA, as charged in the indictment, Doc. 50 at 7, his argument is premised on what he believes the government cannot prove, namely that no one has told Doby his tier classification under SORNA or the length of this registration duty. Doc. 50 at 14-15. Accordingly, Doby's argument is not based on a legal impossibility but on an alleged factual deficiency.

Motions to dismiss indictments generally focus on the terms of the indictment itself, not the underlying facts. *Todd*, 446 F.3d at 1067-68. But in limited circumstances, a court may

---

[2] Doby notes that California has uniform registration periods for all offenders, citing Cal. Penal Code § 290(b) and (c). That provision states that anyone convicted of rape must register for life. *See also* Doc. 50 at 15. Kansas adopts California's registration period. *See* K.S.A. § 22-4906(k) ("For any person moving to Kansas who has been convicted or adjudicated in an out-of-state court, or who was required to register under an out-of-state law, the duration of registration shall be the length of time required by the out-of-state jurisdiction or by the Kansas offender registration act, whichever length of time is longer.").

"dismiss charges at the pretrial stage . . . where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." *Id.* at 1068 (quoting *Hall*, 20 F.3d at 1088) (ellipses in original). Such instance is a "rare exception." *Id.*

Doby claims that it "<u>should</u> be undisputed that no one has ever told Mr. Doby his tier classification under SORNA or the length of his duty to register under SORNA." Doc. 50 at 14 (emphasis added). But that something <u>should</u> be undisputed does not mean that it <u>is</u> undisputed. To the contrary, the government has specifically objected to consideration of any facts beyond the indictment and disputes that Doby was unaware of his lifetime registration duty. Doc. 53 at 5-8. Thus, even if the Court accepted Doby's legal argument that a conviction under 18 U.S.C. § 2250(a) requires proof of knowledge of an offender's tier status and length of registration duty, dismissing the indictment on those grounds would require looking beyond the facts of the indictment and into the sufficiency of the government's evidence, namely to whether Doby was aware of this information. This sufficiency review is not proper at this stage. *See Todd*, 446 F.3d at 1067 ("Rather, '[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." (quoting *Hall*, 20 F.3d at 1087)).

Doby points to no flaws in the indictment itself. The indictment against Doby alleges one count of failure to register. *See* Doc. 1. It states that, in the District of Kansas and elsewhere, beginning on November 11, 2017, and continuing through June 11, 2018, Doby, "a person required to register under [SORNA], and a sex offender by reason of a conviction in the State of California of Rape by Force, and Forced Oral Copulation, and Forceful Sexual Penetration, (case #C-73333), and who traveled in interstate or foreign commerce, knowingly failed to register and update a registration," in violation of 18 U.S.C. § 2250(a). *Id.* at 1. This tracks the language of the statute

and provides the date, place, and nature of the alleged illegal activity. *See Doe*, 572 F.3d at 1173-74. It places Doby on notice of the charges against him and permits him to level a double-jeopardy defense if he has previously been charged with this same conduct. *See id.* Accordingly, the Court denies Doby's motion to dismiss on this issue.

  **B.**  **To the extent SORNA compels speech, it withstands strict scrutiny and does not violate Doby's First Amendment rights.**

Doby next argues that SORNA violates his First Amendment rights by compelling speech "he would rather avoid." Doc. 50 at 17. Specifically, Doby claims that SORNA requires him to provide factual information, including his name, Social Security number, address, employer, vehicle information, and travel plans. *See* 34 U.S.C. § 20914(a) (listing information the "sex offender shall provide"). This "compelled speech," he argues, violates the First Amendment because it conveys a message that Doby does not support, namely that he is the type of offender for which SORNA was enacted. Doc. 50 at 25. Specifically, he states that he "does not support the government message that he is currently a potentially dangerous person," and "does not want the public to know the additional alleged details of his past." *Id.* at 27.

The First Amendment protects against compelling an individual to "be an instrument for fostering public adherence to an ideological point of view he finds unacceptable." *Wooley v. Maynard*, 430 U.S. 705, 715 (1977); *see also United States v. Arnold*, 740 F.3d 1032, 1034 (5th Cir. 2014). Initially, Doby claims that SORNA makes him participate in a message that he is a potentially dangerous individual, a characterization he disputes. Doc. 50 at 25-28. The Court first notes that there is no literal government message that Doby is potentially dangerous. While that may be an interpretation that some may take from a sex offender registry, there is no suggestion that the government has actually labeled Doby as dangerous or potentially dangerous. To the contrary, Doby attaches a copy of his California registration entry to his motion to dismiss. *See*

Doc. 50-1. It merely recites Doby's description (including a picture), states his past offenses and date of conviction, and his last reported address. The heading "Risk Assessment" is blank. *See id.* Therefore, the Court finds no First Amendment violation based on a contention that Doby has been compelled to support a government message that he is dangerous.

Doby alternatively argues that SORNA violates the compelled-speech doctrine because it requires him to state facts he would rather avoid, stating that he does not want information about his prior conviction to be publicly available. Doc. 50 at 28. In *United States v. Arnold*, the Fifth Circuit rejected the argument that SORNA unconstitutionally compelled speech because there was no argument that SORNA required the defendant "(a) to affirm a religious, political, or ideological belief he disagrees with or (b) to be a moving billboard for a governmental ideological message." *Arnold*, 740 F.3d at 1035. Since SORNA only requires disclosure of certain information to conduct an "essential operation" of the government, the Fifth Circuit rejected the argument that SORNA unconstitutionally compels speech. *Id.*

Doby argues that *Arnold* was wrongly decided because it suggested that compelled speech only occurs in the context of ideological speech, when it can equally apply to statements of fact.[3] Doc. 50 at 30-31. In support, he cites *Riley v. National Federation of the Blind of North Carolina, Inc.*, 487 U.S. 781 (1988). There, the Supreme Court declined to distinguish compelled statements of opinion from compelled statements of fact because "either form of compulsion burdens protected speech." *Id.* at 797-98.

A district court in the District of Kansas recently addressed this issue. In *United States v. Fox*, the court proceeded to substantively scrutinize SORNA after finding that *Riley* mandated a

---

[3] Doby also claims *Arnold* should not control here because, unlike in *Arnold*, Doby is arguing that SORNA requires him to affirm a belief with which he disagrees, namely that he is dangerous. Doc. 50 at 30. But the Court has already concluded that SORNA requires no such thing.

finding that SORNA did compel speech under the First Amendment, even if it was only factual in nature. *United States v. Fox*, 286 F. Supp. 3d 1219, 1222-24 (D. Kan. 2018). But *Fox* went on to find that SORNA's registration requirement satisfied strict scrutiny, meaning it was narrowly tailored to serve a compelling governmental interest. *Id.* at 1223-24.

Doby argues that *Fox* also got it wrong. Doc. 50 at 31-32. Although this Court is not bound by another District of Kansas decision, *Fox*'s strict scrutiny analysis is persuasive. In *Fox*, the court asked whether SORNA is narrowly tailored to serve compelling governmental interests.[4] It noted that SORNA's purpose of protecting the public from sex offenders and offenders against children was compelling. *Fox*, 286 F. Supp. 3d at 1223-24. And SORNA is narrowly tailored to serve that interest because it merely compiles the necessary information that allows the public and law enforcement to track sex offenders who move from state to state. *Id*. The Court agrees on both points and agrees in the ultimate conclusion that SORNA passes strict scrutiny.

*Fox* also correctly noted that, in *Riley*, the Supreme Court suggested that a law similar to SORNA would likely be deemed narrowly tailored. In *Riley*, the Supreme Court struck down a law that required professional fundraisers to disclose directly to potential donors the percentage of money that has historically gone to the charity (rather than to the fundraiser's costs). *Riley*, 487 U.S. at 786. In concluding that the law failed strict scrutiny, it suggested that "more benign and narrowly tailored options are available," including the state publishing the detailed financial disclosure information that it required professional fundraisers to file. *Id.* at 800; *see also Fox*, 286 F. Supp. 3d at 1224. That latter scenario is precisely how SORNA works.

---

[4] Doby argues that strict scrutiny applies, Doc. 50 at 33, while the government urges the Court to apply rational basis review or intermediate scrutiny, Doc. 53 at 8-10. As explained above, *Fox* applied strict scrutiny. *Fox*, 286 F. Supp. 3d at 1223 (citing *Riley*, 487 U.S. at 798). Because the Court agrees with *Fox* that SORNA survives even strict scrutiny, it need not consider whether a lesser standard might apply.

Doby argues that this Court should not follow *Fox* because "SORNA is more overbroad" than the fundraising law in *Riley* because SORNA requires more frequent reporting of decades-old convictions—circumstances not present in *Riley*. Doc. 50 at 30-33. But this overlooks the interplay between the means and the interest in a strict-scrutiny analysis. In *Riley*, the Supreme Court found that the governmental interest was "not as weighty as the State asserts" and that the means selected were "imprecise" and "unduly burdensome." *Riley*, 487 U.S. at 798-800. That the particular means selected did not serve the stated interest in *Riley* does not establish that the requirements of SORNA do not narrowly serve SORNA's interest here. Accordingly, the Court disagrees that this is a basis to disregard *Fox*.

Although Doby agrees that SORNA serves a compelling governmental interest, he argues SORNA is not narrowly tailored because it applies to individuals without first requiring a showing that they are currently dangerous. Doc. 50 at 33-36.[5] But this is based on Doby's incorrect assertion that SORNA's interest is in protecting society from "violent predators." *Id.* at 33-34. As *Fox* noted, SORNA's goal is not limited to protection against "violent predators." Its goal is "to protect the public from sex offenders and offenders against children." 34 U.S.C. § 20901; *Fox*, 286 F. Supp. 3d at 1224.[6]

As *Fox* noted, to serve this end, SORNA merely requires that sex offenders provide sufficient "facts that provide the public and state law enforcement officials with the necessary information to track them effectively." *Fox*, 286 F. Supp. 3d at 1224. The Court thus agrees that

---

[5] Doby suggests that more narrowly tailored means of effecting SORNA's goal would be to require a "preregistration hearing" where the government would have to prove a person is "currently dangerous" before requiring registration. Doc. 50 at 34-35. *Fox* also rejected this argument. *Fox*, 286 F. Supp. 3d at 1224. And as discussed above, this would not serve SORNA's purpose.

[6] SORNA does state that it was also passed <u>in response to</u> certain specific "vicious attacks by violent predators against" a list of named victims. 34 U.S.C. § 20901. But the <u>purpose</u> of the law is "to protect the public from sex offenders and offenders against children." *Id.*

SORNA, to the extent it compels speech, does so in a way that is narrowly tailored to serve a compelling governmental interest. It thus survives strict scrutiny and does not violate the First Amendment.

### C. The Tenth Circuit has already rejected Doby's argument that SORNA violates the Ex Post Facto Clause.

Doby argues that SORNA's registration requirement is punitive, retrospective, and a violation of the Ex Post Facto Clause of the Constitution. Doc. 50 at 36-37. As Doby recognizes, this argument has already been rejected by the Tenth Circuit. *See United States v. Lawrance*, 548 F.3d 1329, 1332-36 (10th Cir. 2008) (holding that SORNA's stated intent is civil in nature and nonpunitive in purpose and only punishes post-SORNA failure to register instead of pre-SORNA sex offenses); *see also Fox*, 286 F. Supp. 3d at 1224-25 (rejecting Ex Post Facto claim based on *Lawrance*'s binding precedent). The Court is bound by the Tenth Circuit's decision in *Lawrance*. *See United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit . . . ."). It therefore denies Doby's motion on this issue.

### D. The Supreme Court has rejected Doby's argument that Congress violated the nondelegation doctrine in enacting SORNA.

Doby argues that Congress violated the nondelegation doctrine when it authorized the United States Attorney General to determine what pre-SORNA offenses would be covered by SORNA's registration requirements. Doc. 50 at 37-38. As Doby acknowledges, the Supreme Court has recently rejected this argument. *See Gundy*, 139 S. Ct. at 2121 (concluding that SORNA did not violate the nondelegation doctrine); *see also Fox*, 286 F. Supp. 3d at 1225 (noting that the Tenth Circuit has held that SORNA does not violate the nondelegation doctrine). Accordingly, the Court denies Doby's motion on this issue.

### E. The Tenth Circuit has rejected Doby's argument that SORNA violates the Commerce Clause.

Doby finally argues that SORNA violates the Commerce Clause because it regulates inactivity. Doc. 50 at 38-39. But as Doby acknowledges, the Tenth Circuit has upheld SORNA against a Commerce Clause challenge. *See United States v. White*, 782 F.3d 1118, 1123-26 (10th Cir. 2015); *see also Fox*, 286 F. Supp. 3d at 1225-26 (noting *White*'s holding that SORNA regulates those who move in interstate commerce and fail to register, not inactivity). The Court is bound by *White*. *See Spedalieri*, 910 F.2d at 709 n.2. Accordingly, Doby's motion on this issue is denied.

### III. CONCLUSION

THE COURT THEREFORE ORDERS that the Motion to Dismiss (Doc. 50) is DENIED.

IT IS SO ORDERED.

Dated: November 7, 2019 /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE